may it please the court my name is Katherine Ellie appearing on behalf of the appellants the court has recognized that when a defendant voluntarily ceases conduct challenged in a litigation the case is not moot unless the defendant can show that it is quote nearly impossible that it will revert the Department of Corrections here is not even close to satisfying that burden and in fact before the district court the department conceded it could not satisfy that burden this court has identified a number of circumstances that undermine a defendant's ability to prove mootness in a voluntary cessation context and virtually all of those are present here first the department has stated expressly that it wants the right and flexibility to revert second the department has unfettered discretion to go back and so there's no practical barrier to its doing so third the department believes there's no legal barrier to its doing so and instead has taken the position that reversion would be perfectly constitutional and it's clear that virtually everything your client see it's true your honor that the conditions have been remedied but what my client seek is a guarantee that the department will not be able to violate their 8th amendment rights again in the future where have we moved from what originally you saw how the conditions were what has occurred well what we've sought your honor to answer your question is a declaration that the prior conditions in place which all I'll get to describing those if that's what your question is asking so at the time the suit was started the conditions were that the the plaintiffs were housed for 23 hours a day seven days a week in a 70 square foot cell they had one hour of outdoor recreation time which was spent alone in a cage that was roughly the same size as their indoor cells they had no opportunity for congregate activity they had no while contact visits were permitted as a matter of policy they were not they didn't occur in practice and hadn't for years and that was there are other circumstances but those are the bulk of the conditions that we challenged in this suit and what we have now is opportunity for congregate activity opportunity for congregate outdoor recreation activity and the opportunity to have contact visits but the issue in this case is that there is nothing preventing the department from what the appellants have sought in this case is a declaration that those conditions violated the eighth amendment and an injunction preventing the department from reverting and I take it that if you we agreed with you and your case proceeded and let's say the court ultimately decided no these conditions were fine what then happens does that then sounds like to me it would sure that's the merits question in this case but the court didn't reach that question and what we've argued below is that they did violate the eighth amendment we think we can satisfy that burden below but that's not the question for this court here the question for this court is whether the court has jurisdiction to hear the case and it's clear here that they do for the reasons I've said and for the additional reason that it took three in deciding to hear the case at least from your perspective question is what the remedy that you seek declaration and the declaration turns out to be less than what you already have taken back the ultimate belief is no consequences I'm just trying to understand the basis for moving forward with it it's not right to say that there's that a declaration that the prior conditions violated the eighth amendment in an injunction preventing the department from reverting to conditions that violate the eighth amendment would give the appellants no relief here it would give them exactly the relief they seek which is a guarantee that their constitutional rights will not be violated again in the future and as it stands now on the record before this court there's a real danger of reversion and so they do without those guarantees they have not gotten all of the relief they've thought so the last question I have fun if these are death row inmates so presumably they are going to be here for a while in this facility and if in fact it did revert what's the problem with simply bringing the action then well your honor that's exactly the situation that the voluntary it being they get to enjoy what is there now until it does revert if it does then simply bring the action back up which is simply a declaration I think your honor that it's important to take a step back and look at the context of this case which is a defendant trying in the middle of a suit in a case that was litigated for years through a motion to dismiss phase through back discovery through expert discovery that the that the department could take unilateral action that would close the courthouse doors to these defendants on the theory that they could just come back later if there's reversion ignores exactly what the voluntary cessation doctrine is designed to prevent let me let me ask one last question just for clarification so given a unique set of facts here these are death row inmates is there any precedent or any party that exists where the court could say rather than to dismiss the action at this point is move we simply will hold in advance or until unless it changes then you can come back in I suppose that's a form of relief the court confession but here what we have is that I haven't your honor would give you exactly what you want if there is such a relief would that give you it wouldn't give us exactly what we want because what we have sought here is a declaration that those conditions violated the Eighth Amendment which would prevent you got it yet prove those and even if we tell you today you have to go back and prove those violations you say that eight minute violations you got to go back and prove it and you and you now have it and if all you do is simply say believe everything in place all the work you've done if it happens walk back in court proceed your honor that might be an appropriate remedy here but what we have right now is a district court that has granted judgment to the defendants on the on the theory that the district court doesn't have the power to adjudicate the case and so at least there would need to be a remand to the district court for a proceeding on the merits and then if the district court and its discretion decided to do what you did perhaps that would be appropriate but we have put forth the proof of the Eighth Amendment claim and again well you certainly have authority to do that I think that I think that you know again we're getting into the merits here and the question that this court that is before the court now is whether the court has jurisdiction to hear the case and for the reasons that I've identified the the fact that the department stated expressly it wants the flexibility to revert that it has discretion to go back that there that in its judgment there's no legal barrier to reversion and the fourth point which is that it took three years of litigation to get here first in the Prieto case and then nine months of litigation in this suit in which the department declined to make any changes and it wasn't until after the appellants litigated this case nearly to completion that the department made the changes they now claim sap the Court of Jurisdiction and now the department takes the position that if it chooses to revert which it claims it is entitled to do to your point judge when that the appellants recourse would be to come back to court and file a new suit well the reason that that would not be the right result here is is exactly because it took three years of litigation to get here and it's one thing to have the have a consent decree or a judgment in place where you have a violation of that you can come back to court and have a narrow limited litigation over that it's a very different thing to say the courthouse doors are closed to you go home file your suit another day file a new complaint litigated through an inevitable motion to dismiss redo discovery read you expert discovery that's all happened here the record was there for the district court to decide the case to proceed from scratch as you did here where the conditions were as they were or would it be a stronger case if you refile and your argument is the current conditions that are now have been taken away I think you're asking if in in the future the conditions will be clear I'm pretty simple what I'm asking I'm just asking is it would it be easier to say you already have given us this for quite a while and now you're taking it away and that is unconstitutional or or in the previous actual actions that you now have is we don't have it and we want it the question before the court is whether the prior conditions were violated the Eighth Amendment and that question hasn't been answered here and so long as the court has a restriction question answer which is a stronger case one way the other I understand about the strong it's maybe out of you know your honor the whether the prior conditions violated the Eighth Amendment is a question that doesn't change whether the conditions are in place now or whether there but these prior conditions these conditions now that exists now if you refile presumably do not violate so if they change it to go back would it be a stronger case than to say you had these that wouldn't affect the Eighth Amendment inquiry it would provide exactly and that's exactly the scenario that might happen here that's why this case is not moot is because there is a likelihood that that will happen it doesn't affect the underlying Eighth Amendment merits inquiry but that's again not the question before this three information to show these things can be done they were already doing well they we already have that your honor these things were done for years and that's the basis of the Eighth Amendment claim below whether they go back really has no bearing on the underlying Eighth Amendment claim that goes to the merits inquiry but again if we're talking about a likelihood of reversion that means that this case is not moot and getting back to the reasons why this case is not moot if I may I'd like to take the court through each of those can did considerations that I've identified and through the specific parts of the record before you do that let me ask you whenever a district court decides a case on an issue sua sponte always worry about whether or not the parties had adequate notice of it and the opportunity to fully address and present whatever evidence they have is there any evidence on this issue of mootness that you were precluded from introducing or you feel like you got a fair hearing on that issue your honor to be clear we think that the record of this case makes it clear as a matter of law that the case is not moot but had there been notice there was no notice that the court was planning to decide the issue or considering deciding the issue on mootness grounds mootness as I mentioned earlier the department conceded it couldn't prove mootness and so that issue was never briefed before the district court and had had it been briefed and had it been raised by the on the question of mootness specifically on the question of the likelihood of reversion including deposing perhaps director Clark asking about the about the department's plans asking about the likelihood of reversion so yes there is evidence that could have been adduced had the had we had noticed that that's where the court was heading but again it's clear on this record for the four reasons that I've stated that as a matter of law the case is not moot the only two pieces of evidence that the district court cited and that the department has raised are a declaration by director Harold Clark and the supposed expenditure of two million dollars to implement these changes neither of which moot is sufficient to carry the burden to show near impossibility of reversion okay I have one other question does this does a ability to collect attorneys fees it does your honor but that's of course not why the case is proceeding curious that's an effect of the decision it would be an effect of the decision on mootness and and you know in the Buckhannon case one of the reasons the court said that there would be no disaster for the civil rights bar coming from its ruling was because the standard in a voluntary cessation case was so high that cases would not be dismissed as moot just because a defendant could take unilateral action to temporarily fix the changes and so in fact the standard from it I see that my time is up but if I can ask you one question before you sit down could the court achieve the same result basically it was troubled by the changed conditions and basically the question is what are we litigating the conditions have changed what if the court you brought a PLRA suit why a court could have done the same thing under the PLRA right and not reach a constitutional issue well your honor we also sought a declaratory judgment which is I'm entirely unaffected by the PLRA all the standards a little bit different under the PLRA well the PLRA wouldn't have any impact on our ability to get a declaratory judgment it doesn't limit declaratory relief it would have an impact but here the narrow injunction we sought was within the bounds of the limitations imposed by the PLRA and really with respect to the mootness question the PLRA shouldn't come into play at all because that's a remedy question and the question at the mootness stage is not whether the remedy sought is appropriate or whether the district court should have granted that remedy whether address it addresses when a court can enter an injunction and under such changed conditions as we have it would be a very fair reading under the PLRA that there's no more relief that could be granted and there's no more jurisdiction that that's an inquiry that the district court didn't undertake and you're very parallel to what the court did and it's the court was troubled by the fact that changes had been initiated before you even filed suit that they culminated with these changes. Just to correct, the changes didn't happen until we were all the way through discovery in this case. I mean that it was spent over time and they they've changed the protocols they've adopted these rules and they've been signed off and it seemed to be operating it seems to me if during the course of the year they have 23 fight in the yard where they just can't leave a group of death row inmates together because they're fighting each other then they're obviously going to have to change conditions but this is a multi-faceted change it's not just one change I mean they lengthen the time for various visits they've had the communal interactions and so forth and the real question is what troubled the district court which was all right there is some self-correction that has gone on and it appeared to the court to be genuine that's the standard that has been applied in saying we don't need to go forward but and do exactly what Judge Wynn said and I'm suggesting to you Judge Wynn's question sort of led you there but I think it would be much easier to file a suit if the state retaliated improperly or punished improperly by removing the changes they did for that purpose but that's neither here we don't need to litigate that but that was his question really is you're really not hurt you've got what you want in the prison conditions and you've probably in a stronger position if there's a change later that is untoward it I think it's a miss it would be a mistake to say that we wouldn't be hurt if the case ends here and we would have to file a brand-new lawsuit in the if the possibility new facts all new I mean we're not talking about the sterile conditions of the prior circumstance I mean you had an equal protection claim you know with respect to roses named preto it's a fairly complex thing to go back to base one and have us issue an opinion as to at some level at some point in time as to whether those conditions in the past well it's almost impossible to get back to those conditions anyway not my question was really a PLR a question and I gather you you don't see too much parallel between well I can avoid the constitutional question by the statutory question in other words that's my question no your honor here the question is the question that's before this court the only question that's before this court is whether the court had article 3 jurisdiction to decide this case which is a very different different question than the merits question of whether entering an injunction notwithstanding the PLRA there's a jurisdictional aspect under that too I think I think your honor that the Supreme Court's decision I think I think the Supreme Court's decision in chafing versus chafing is helpful here there the plaintiff was seeking that seeking an order from the district court requiring another country to return a child to the United States and what the defendant argued in that case was the court doesn't have doesn't have the power to do this not a jurisdictional question but the court this is not the sort of remedy that a district court can order and what the Supreme Court said in a case about mootness and in the voluntary cessation context was that is a question about that's the standard classic argument Steele co-raised that but that's exactly one and 12 piece that's exactly the situation here which is that I understand it may be that it's up it would be up to the district court to determine whether to enter an injunction notwithstanding the PLRA would be appropriate but that doesn't go to move I mean in other words the court was worried about it's where's the case of controversy I mean the parties seem to be happy and that's what troubled the court but again your honor the standard that this court applied in Lions partnership and again in Feldman versus pro football is that a case is not moot understand unless it is nearly impossible that they'll revert and all of these hypotheticals we're assuming the possibility of reversion which should answer the mootness question here as well okay I think we understand oh yeah I think you're you have some rebuttal I guess mr. Glassman will be doing the rebuttal all right thank you your honor miss shake shake may it please the court my name is Margaret O'Shea from the Virginia Office of the Attorney General I represent the Apple East director Clark and wardens up it has been a year and a half since conditions of confinement on Virginia's death row started to change and the plaintiffs were provided with all of the relief that they had sought and then some the issue before the court today is whether the district court abused its discretion in determining that change circumstances left the court with no equitable remedy to provide and not here it seems they may seek the condition to be changed but they want something to indicate you're not going to change them back tomorrow that is what they have requested but that is not what they pled in their complaint their complaint asked for the declaratory relief afforded to mr. creato and that dealt with the procedural due process issue meaning the declaration that he was going to be put under separate classification procedures when mr. Prieto's case was reversed on appeal to this court he ceased to have any declaratory relief that had been afforded to him so that request falls away the next really relief request in the complaint is the rights and privileges afforded to mr. Prieto which were specifically exercised privileges in the gym and contact business with this immediate family they have that too there was no separate and freestanding requests for declaratory judgment or declaratory judgments act but even if one were implied into the complaint even if you read one into the prayer for relief which incidentally this court previously declined to do in Williams v. Osmond which was a pro se case but even if you were to imply that request declaratory relief declaratory judgment cannot be awarded retrospectively today what you did before violated the Constitution so don't do it anymore and the US Supreme Court made this clear in Green v. Mansour where they talked about 11th Amendment concerns when you've got an official capacity to get government well the declaratory relief would be retrospective and that it would be saying what you did before is not okay it's not perspective meaning and what you're doing right now is not okay and you need to stop it's retrospective in the sense that it's just saying that the previous conditions what you did earlier don't do it anymore and Spencer v. Karma I believe it was the Supreme Court articulated that federal courts are not in the business of pronouncing that past actions actions that have stopped are right or wrong and so do you maintain the voluntary cessation doctrine has no application I'm not have you made any representation that you will not go back to the way it was yes so the representations are in mr. Zooks affidavit he discussed that there was no intent to revert and that's in the joint appendix at page 1177 director Clark also discussed that he was implementing the changes on a phased out basis well I think that if we had come to the court and said we will not revert that would ring hollow because the Department of Corrections doesn't have a crystal ball that one will enable them to know what might happen on death row ten years from now if there is an attempted escape tomorrow well then the Department of Corrections might need to temporarily change the conditions to and sworn that we were never going to go back period I don't think that that is a statement that he could make without you know without making a misrepresentation to the court could you settle this action just with these particular points so that it wouldn't a lot of others I guess it would simply I guess it would at least from a constitutional perspective but did you at least as to the conditions of these points specifically indicate that you will give them these conditions such that they now will have it you're right that takes them out of it you may steal the others feel good violated but then you probably go back but as long as you kept it for these could you do that I don't know that the department could say with absolute certainty that we would never go back with respect to these plaintiffs either and again the reason is because we just don't know what the future holds with these well well it did it we tried and it didn't work out and and one of the try by saying we're going to do all these things here that you asked for well at our setup you tried to settle it we did say you tried by saying we're going to do everything we did and well you know as we'll just go ahead and accept the judgment of court after these plaintiffs in terms of accepting the judgment of the court meaning we would concede that our conditions except except at least the fact that that that you are going to make a remedy here by applying to the level that they seek you which I assume you've already done that's what it is yes I'm going with this no words could you specifically as to these plaintiffs settle this case we perhaps could have but what they were seeking was some sort of settlement agreement or consent decree that would bind the department's hands even as to the these specific plaintiffs if security considerations in the future meant that we might need to modify the conditions of confinement if that were the case that would be placed in the position of violating a consent degree potentially being found in contempt of court and so on and so forth we did provide assurances to these plaintiffs that there was no intent to to the court and by these defendants to the court and this court in Wall versus Wade you expressly declined to rule on the issue of whether or not statements by government defendants evidencing an intent not to revert should be given a courted special weight because you said in that case there were no declarations they were just relying on a change memorandum that have been filed in an entirely separate case this is an appropriate case though to take up that defendants that conditions have been changed that barring some unforeseen circumstance they will not be reinstated and so going forward there's simply no remedy left the court to provide at the bottom this is a remedies case this is not a this is a case about where the district court has the inability to fashion an injunction because of the PLRA because declaratory judgment is not available under the declaratory judgments act because it would be again implementing the changes how much longer after the suit that's been filed that they start to change well it depends on on what you mean by start the changes the department had been considering it and discussing it for for a period of time so I'm going to confine my I don't know what this is if I recall correctly was filed in November 2014 May of 2015 at the pretrial conference following disposition of the motion to dismiss we represented a plaintiff's counsel that we were considering physically moving the location of death row within Sussex one state prison so that's the representation they were drawing up plans they were trying to ultimately the decision was made not to relocate it to where the juveniles had previously been housed because that would have minimized the exercise the outdoor recreation opportunities to the inmates and the department decided that that wasn't what they wanted to do so then when it came to we we orally represented to the court on July the 8th that we were about to implement the July 30th we filed our motion to stay on August the 10th the impetus for these actions all arose from this lawsuit no we were going to make changes the exact changes had not been settled on I will certainly concede that the director to have an ABCDEFG plan laid out on an outline on his desk in his office it's something that had been considered for a while but when you consider we've got 30,000 plus inmates within the Department of Corrections and we're talking about seven so it was something that had been considered that director Clark had wanted to do that is their contention that's not the consequence that it was 7 out of 30,000. You can't torture seven in an extreme example nor can you deny them the 8th amendment. Of course not but that's not what was happening and what I'm talking about is the allegation. 7 out of 30,000 is what we're so honored to do it and the allegation is you are violating our constitutional rights. Right well I wasn't saying it because it was honors to do it I'm what I was attempting perhaps not very well to explain is that the department is trying to it's got a lot of moving parts. We've got a lot of inmates and they're trying to prioritize allocation of state funding which is cut year after year after year after year and when the department is trying to prioritize what should be done what I'm saying is the conditions of confinement on death row which the department did not believe were unconstitutional to start with were not as pressing as the need to overhaul our step down program with respect to inmates being held in administrative segregation. So what I was attempting to explain to the court is that Director Clark had been thinking about this for a while and attempting to figure out exactly what was going to happen if and when the policies on death row were changed. We did. That is why I seek to move it. We want to go ahead now and then we can go back to where it was. We did not seek to move it in legal terms which is why we did not urge the court to find mootness before. If you think that this is not unconstitutional. Yes. Why even bring it up? Let's try this case. They say those under those previous conditions let's go tell them because they are not unconstitutional and we want that on the record so we don't ever have to deal with this in the state of Virginia again. And we were happy to try the case. That's why we didn't argue mootness. Because the court made the finding of mootness through a sponte. Did you challenge that? I did not because when you read the court's opinion through basically what the court found was I have no remedy left to provide which is something that we had argued because we had given one says well your honor we just have these going on but we could change it tomorrow. So don't don't rely on these. We know we've made these changes. We did this out of the goodness of our heart. We don't think it's unconstitutional. I believe that judge at that point said okay we'll try this case. Well perhaps but that's not what happened here. But I still can do it. Can I ask you at this point ask you a question. My question has to do with procedural posture of this case. As I understand it came in before the court on motions for summary judgment. Yes. And then somehow it got decided on the question of mootness which the judge's order appears to me to make findings of fact to decide the question of whether or not there's an intention on the part of the state to revert back. And I don't understand how motions for summary judgment where you're supposed to view the testimony and evidence like most favorable to the non-moving party would be the plaintiffs. We end up with a decision where they appear to me to be factual decisions made in order to justify the ultimate judgment. What am I, how does that happen? What am I missing? Well so you're correct it did come before the court on cross motions for summary judgment in which the department urged the court to to find that basically there was no relief left to offer because of the unavailability of equitable remedies. The plaintiffs in their motion for summary judgment actually spent eight of the 30 pages of their brief arguing that this case was not had not the voluntary cessation should not find a mootness. I mean they argued it in their brief it's in there with respect to whether or not the courts and injunctive relief should be available. Now that said when the court was looking at the cross motions for summary judgment and raised the issue of mootness whether you want to call it constitutional mootness prudential mootness whatever. Which one did the judge basis decision? I can't tell it would be either either though could be upheld on appeal and the reason that I the court just said mootness but the rationale underlying the courts opinion was I don't have a remedy left to give. That makes the case not not redressable for article three purposes under constitutional mootness. It also means that the court was declining to exercise its discretion to fashion an equitable remedy which is the prudential mootness. But don't you have to make factual determinations to decide each one of them? Each one's appropriate. I don't know that you necessarily do because mootness is a legal question at bottom line. That's not intent to revert back. That's not a factual determination. The 11th circuit and 10th circuits treat it as a legal question. So the question of likelihood to recur is a legal question. The difference between intent and likelihood. Perhaps. Honestly is not well well addressed in the case sure it's okay to tell what it is she's basing her opinion on it appears to me that factual decisions have been made and I just don't understand I don't know how you get the result without making factual decisions you got to make factual decisions I don't understand how you do that somebody so when you said the only factual you let's say that there are fact I will accept your Honor's premise that the court made findings of fact with respect to the voluntary cessation doctrine right I don't think that they would apply to anything else that aside the case still fails for lack of a remedy and that's a constitutional mootness question that is a legal question I understand theoretically what the court did is determine the mootness on the basis of the limitations imposed by the PLRA yes and if the PLRA doesn't provide any remedy then that informs the mootness question correct that is my understanding right well it could be constitutional too because it's no regressibility precisely that's why this is a remedies case there's no remedy it's not a factual question all of that is purely a legal theoretical based on the circumstances correct would you explain that to me then how the base how it being based on the PLRA does not involve any factual determination because the prisoner litigation reform act provides that an injunction if an injunction issues in the case it must be narrowly drawn and extend no further than to remedy the alleged harm the alleged harm in this case didn't exist anymore the court couldn't craft an injunction that would satisfy that very strict dictate under the PLRA which is a congressionally imposed limitation on the remedies that are available in a conditions of confinement suit because the PLRA because there's no injunction that would have satisfied that dictate there was no remedy left for this court to offer even if the state intended to revert back soon as this case was over with perhaps I would I would argue that that's not what was before the district court I would also say that if the department that the question was posed by by Judge Wynn to my colleague if the department did revert back. The question is whether you will revert back to what it was. The question is kind of the crux of where all this is going it's not what you've done you made an unequivocal statement that this is done we agree and settle this matter and say we agree we're going to implement these conditions that's stronger than tomorrow morning after you leave out of here you're going to go back to the way it was. Perhaps it is stronger but I would argue that's not the circumstance that's before the court right now there's no remedy the court could give if things were to change and they were to come back and file file another lawsuit I believe they would be in a stronger position if for no other reason than when we're discussing equitable remedies then you would arguably have a litigant who was before the court with unclean hands who told the court that there was no intent to I think that that's an important consideration based on the relief sought they didn't seek damages which can't be mooted by a cessation like this they simply asked for declaratory relief as to Mr. Prieto which falls away and they asked for an injunction extending them exercise privileges and contact visits and they got that they got that a year and a half ago and has not been taken back this case was in moot a year and a half ago this case is moot now this case would be moot if it were remanded the claims in this litigation gets staler and staler and staler the longer that these plaintiffs press for what would be just an advisory opinion that what we did before violated the 8th Amendment federal courts are not situated to issue advisory opinions there's no remedy that the district court could have fashioned the lack of a remedy makes this case not addressable the lack of a remedy means that the district court did not abuse its discretion in declining to fashion an award of equitable belief if the court has no further questions thank you thank you Mr. Glasper please the court I'm Vic Glasper I have not much to add to the arguments that my able colleague has made but I would like to respond to some of the questions that have been asked by some members of the panel and also correct what I believe to be fairly significant statements about the record and the events that took place that have been presented to the court I will represent to you that there is no place in the record of this case in which the government said that they would not revert much to the contrary if you look for example at page 1162 of the record ask why haven't you been able to enter into a consent decree on all this Ms. O'Shea your honor I believe that the main issue was the department didn't want to be hampered by some sort of agreement that if things were to change five years in the future ten years in the future there is no representation contrary and I request since counsel referred you to the affidavit of David Zook I re-read it to make sure that I hadn't made a mistake when she said that there was a representation that there would be no revocation please look at the affidavit the closest thing that comes in the record in that affidavit to that is the last paragraph in which it says because at the time there were temporary temporary provisions until they put in the final ones none of the privileges specified in the interim rules and regulations will be revoked or otherwise limited in the final rules and regulations and indeed they promulgated the same regulations as the final rules there is no representation in this record and there was no representation made at any time in writing or an argument to the court that there would not be reversion I would like briefly to be in any agreement in terms of how applicable the voluntary cessation document is under this it seems to me I heard the argument correctly deals a lot with what you chose to lead and whether you got what you asked for the injunctive relief it's almost as though you didn't ask for the declaratory type relief please address that in terms of what did you ask for it did you in fact get what let me address that and as the author of the complaint I'll take the hit on that one miss Prieto brought a pro se suit and he prevailed when you said you take the hit on it in terms of right pardon me are you saying is right what you just said on the other side no I'm going to explain to the extent that there is even the basis for such an argument based on the language of the complaint that's on me and I'd like to explain that by the way the court can give appropriate relief and there was never any issue about the fact that we had only asked for whatever particular recovery Prieto got was never an issue it's been brought forward on appeal and that they're entitled to do that that's what lawyers do but as a practical matter everybody knew what was being litigated and everybody knew what the issues were and they went far beyond the two specific forms of remedy that mr. Prieto had had received our expert provided information on a wide variety of things so to that so to did theirs but to get back to the simple language in the complaint Prieto files his case and he wins some of the other inmates come forward and say hey wait a minute this guy's got a little bit more basketball time got more visitation we want that too so I filed a complaint perfectly aware of the difficulties with the and that's going to be very important to what I say in a moment so I made a claim under the Eighth Amendment and I made a claim under equal protection and due process which at the time judge Brinkman credited and it had not yet been reversed and the case developed if you will broadly as an Eighth Amendment claim and it's on me if I didn't say more expansively that we want complete relief and not to be subjected to cruel and unusual punishment under the Eighth Amendment but I represent to you that that is a if you will a debater's point made by the other side I did write the complaint the specific request for relief are what they are rule 54 grants the court the right to grant appropriate relief was never any question about what the case was about I would like to speak briefly and conclude on this about the history of the improvements and I would ask you to look carefully at mr. Clark's affidavit is in the record starts at 183 Mr. Clark's affidavit represents as follows on page 182 of the appendix I first broached the subject of modifying Virginia's death in 2011 since that time I've had numerous discussions with my staff regarding whether and how those modifications should occur that's 100% of what we know I don't know if they're talking about better better water fountains better air circulation I don't know what they're talking about next sense after Prieto vs. Clark was filed in 2012 however we decided to leave the death row conditions of confinement unchanged during the pendency of that litigation now that's interesting because in our litigation they did they say they did exactly the reverse now why did they do the reverse why did they not bother changing the conditions when Prieto was claiming a problem but they did when we claimed the same problem the reason is this the briefs of parties are not typically put in the appendix so you don't have to wind up yes I'm yes sir may I conclude this yes their argument before district court was exclusively legal in an attempt to sidestep binding precedent that makes their claim implausible plaintiffs asked this court to simply ignore precedent from the Fourth Circuit in the US Supreme Court that it is a bound to follow instead relying on district court decisions from other jurisdictions they asked this court to conclude death rows conditions of confinement are unconstitutional based on quote evolving standards of decency and that's what judge Brinkman decided to do she denied the motion to dismiss and then they had to move thank you thank you mr. Westbrook
judges: Paul V. Niemeyer, William B. Traxler Jr., James A. Wynn Jr.